IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01012-PAB

RALPH JAMES MERCADO,

      Applicant,

v.

BLAKE R. DAVIS,

      Respondent.

## ORDER

This matter comes before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 2] filed by applicant Ralph James Mercado. The Court will construe the application liberally because Mr. Mercado is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Mercado is a prisoner in the Administrative Maximum federal correctional facility in Florence, Colorado ("ADX"). On May 28, 2009, a Special Investigative Services ("SIS") Technician at ADX completed an incident report regarding a search of Mr. Mercado's cell, which provided in pertinent part as follows:

> On [May 28, 2009 at 8:25 a.m.], while conducting a search [of Mr. Mercado's cell], I noticed the voice plate cover of the intercom box was loose and had obviously been tampered with. As I removed the security screws by hand, I found a razor blade had been concealed between the face plate and the wall. According to records, inmate MERCADO has been the lone occupant of the cell since 12-25-2008.

Docket No. 2 at 8.  Mr. Mercado was provided a copy of the incident report on June 30, 2009.[1]  A disciplinary hearing officer ("DHO") held a hearing on July 7, 2009 on the charges that Mr. Mercado possessed a weapon and altered a life safety device.  On July 10, 2009, the DHO issued a written report finding that Mr. Mercado had violated the prison code prohibiting the possession of a weapon.  *See* Docket No. 2 at 12-13.  The DHO imposed punishment consisting of, *inter alia*, the loss of 41 days of good conduct time.  In his application, Mr. Mercado seeks to have the 41 days of good conduct time restored because he contends that his due process rights were violated.  *See* Docket No. 2 at 5, 7.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'"  *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996)).  Before being subject to the loss of good time credits, an

> inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).  There is no dispute in this case that these requirements were met.

Mr. Mercado, however, challenges the sufficiency of the evidence against him.

---

[1]*See* Docket No. 13-1 (Cook Decl.) at 3 n.2 ("The incident report was suspended and referred to the [FBI] for possible prosecution on May 28, 2009.  The incident report was released by the FBI on June 30, 2009.") (citing Docket No. 13-1 at 24).

To comport with due process, there must be *some* evidence to support a disciplinary conviction. *See id.* at 454; *Mitchell*, 80 F.3d at 1445. "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457). Here, the DHO considered evidence that a razor blade was found in a cell that had been occupied exclusively by Mr. Mercado for more than five months.[2] The Court finds that this constitutes at least "some evidence" supporting the discipline in this case.[3] Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 2] is DENIED, and this case is DISMISSED with prejudice.

---

[2]Mr. Mercado denies knowledge of the blade and believes his statement should be credited over the incident report. The DHO, however, specifically found that the SIS Technician's account in the incident report was more credible than Mr. Mercado's account.

[3]The Court notes that the period of time between the date of the incident report and its delivery to Mr. Mercado apparently violated a facility regulation. *See* Docket No. 2 at 10. However, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)); *see Diaz v. McGuire*, 154 F. App'x 81, 84-85 (10th Cir. 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause).

DATED December 23, 2010.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge